

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 2 3 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JANE G. GARZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 5:05-CV-099-C |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

Plaintiff Jane G. Garza seeks judicial review of a decision of the Commissioner of Social Security, denying her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The United States District Judge, pursuant to 28 U.S.C. § 636(b), referred this case to the United States Magistrate Judge for report and recommendation, proposed findings of fact and conclusions of law, and a proposed judgment. After reviewing the administrative record and the arguments of both parties, this court recommends that the District Court affirm the Commissioner's decision.

### I. Administrative proceedings

Garza applied for DIB and SSI in November 2002 at the age of forty-nine alleging that a myriad of health problems including numbness in her hands and pain in her shoulders and back rendered her disabled. (Tr. 66, 96, 129, 244.) The medical records show that Garza has a history of having shingles and has complained of joint pain since 1998 after she was

involved in a car accident and that physicians have diagnosed her with muscle strain, minimal degenerative arthritis in her left shoulder, mild degenerative disk disease in her neck, and degenerative arthritis in her hands. (Tr. 167, 193-94, 220, 223, 224-25.)

An Administrative Law Judge (ALJ) determined at step five of the Commissioner's five-step sequential disability evaluation process that Garza was not disabled because she could perform light work activity with limitations. (Tr. 19, 21.) He then determined that Garza could perform occupations identified by a vocational expert. (Tr. 21.)

## II. <u>Garza's points of error</u>

Garza brings a number of issues for the court's review. She contends that the ALJ erred at the third step of the sequential disability evaluation process, that he failed to follow the correct legal standards for evaluating pain, and that he failed to follow the correct legal standards in determining her residual functional capacity and that his determination is not supported by substantial evidence.

## III. <u>The ALJ's step three determination</u>

Garza contends that her impairments meet or equal Listing 1.02 for major dysfunction of a joint and/or Listing 1.04, the listing for disorders of the spine. She argues that the ALJ's determination that her impairments did not meet or equal a listed impairment in the regulations is not supported by substantial evidence and that his failure to discuss the evidence and explain the basis for his determination was an error of law and an abuse of discretion. In connection with these arguments Garza complains that the ALJ considered opinions of State agency examiners in making his step three determination despite

discrediting those same opinions in making his residual functional capacity determination.

The ALJ's decision reflects that he considered the opinions of the State agency examiners in reaching both his step three determination and his residual functional capacity finding. (Tr. 18, 20.) In regard to his step three determination he noted that he had "considered the opinions of the State agency medical consultants . . . who reached the same conclusions." (*See* Tr. 18.) However, in making his residual functional capacity determination he determined that the opinions were rendered without the opportunity to personally examine Garza and without reviewing all the medical records and because they were "conclusory and unsupported." (*See* Tr. 20.)

Because of the differing nature of the determinations at issue, the ALJ could choose to discredit and reject the State agency examiner's opinions regarding Garza's physical abilities and limitations but consider them at step three of the sequential disability evaluation process. This is so because the determination at step three is based on medical diagnoses and medical findings that provide evidence of the claimant's symptoms and establish the degree of severity of the claimant's medical condition. 20 C.F.R. § 404.1525. On the other hand, the residual functional capacity determination is an assessment of what the claimant can actually do despite her impairments and is based on medical findings and all other evidence in the record. 20 C.F.R. § 404.1545. Therefore, evidence rendered by a non-examining physician may provide less than conclusive evidence concerning a claimant's abilities although it may provide evidence regarding diagnoses that would be relevant in the step three determination. Therefore, Garza's arguments do not require remand.

Likewise, Garza's contentions that the ALJ erred in failing to provide a discussion as to why her impairments did not meet particular listed impairments does not require remand. In support of her contentions Garza cites cases from the Third, Seventh, and Tenth Circuit Courts of Appeal in which the respective courts remanded decisions in which ALJs had failed to specifically articulate their reasons for finding a claimant not disabled at step three of the sequential disability evaluation process.[1] However, the Eighth Circuit Court of Appeals has rejected this approach, *Sims v. Apfel*, 198 F.3d 1065, 1067 (8th Cir. 1999), and the Fifth Circuit Court of Appeals has not addressed the issue. Further, the Commissioner's regulations do not impose such a requirement. Therefore, there was no error.

Finally, Garza's contention that her impairments meet Listing 1.02 and/or Listing 1.04 must be rejected. The claimant bears the burden of proving with medical evidence that her impairment(s) meet or equal each of the specified medical criteria of a listing. *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). Garza has not met this burden. In regard to Listing 1.02 she has not shown that she suffers from a gross anatomical deformity in one of her joints or that the impairments in her upper extremities have resulted in an inability to perform fine or gross movements. 20 C.F.R. subpt. P. app. 1§ 1.02. In regard to Listing

---

[1] Garza cites *Scott v. Barnhart*, 297 F.3d 589, 594 (7th Cir. 2002); *Burnett v. Commissioner of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3rd Cir. 2000); and *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996.) It should be noted that after *Burnett*, the Third Circuit Court of Appeals distinguished its holding in that case and directed that the ALJ must specifically articulate reasons for finding that a claimant's impairments do not meet a listed impairment when he explicitly focuses on one of the claimant's impairments. *See Rembert v. Commissioner of Soc. Sec. Admin.*, 142 Fed. Appx. 570, 572 (3rd Cir. 2000); *Maldonado v. Commissioner of Soc. Sec. Admin.*, 98 Fed. Appx. 132, 135 (3rd Cir. 2000).

1.04, she has not shown that there is evidence of compromise of a nerve root or the spinal cord. 20 C.F.R. subpt. P. app. 1§ 1.04

### IV. The ALJ's evaluation of Garza's subjective complaints of pain

The ALJ must consider a claimant's testimony regarding subjective evidence of pain and failure to do so is reversible error. *Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir. 1981). This means that an ALJ may not merely consider the medical evidence but must also consider the claimant's subjective complaints. *Haywood v. Sullivan*, 888 F.2d 1463, 1469 (5th Cir. 1989). The ALJ must determine the truthfulness and reliability of the claimant's subjective allegations and "indicate the credibility choices made and the basis for those choices." *Scharlow*, 655 F.2d at 648-49.

In making a credibility determination, the ALJ must consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, and side effects of any medication the claimant takes to alleviate his pain or other symptoms; (5) treatment, other than medication, the claimant may receive or has received for relief of his pain or other symptoms; (6) any measure the claimant uses or has used to relieve pain or other symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions caused by pain or other symptoms. 20 C.F.R. § 404.1529(c). Under Ruling 96-7p, the ALJ's decision must include findings that are "sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." S.S.R. 96-7P, 1996 WL 374186.

In this case the ALJ acknowledged that Garza had degenerative joint disease, degenerative disk disease, and cervical strain. (Tr. 15.) In assessing Garza's subjective complaints of pain, he acknowledged Garza's testimony regarding the location and severity of her pain and the limitations caused by her pain and concluded that Garza had impairments that could be expected to cause pain. (Tr. 18- 19.) However, he also concluded that Garza had exaggerated the nature and severity of her pain and that evidence did not establish that she was completely unable to work stating in part:

> The objective clinical evidence actually shows very little degenerative change in either her spine or her shoulder, and her doctor has documented a positive response to her pain complaints with the use of nonsteroidal [sic] anti-inflammatory pain medication as prescribed. Further, she has demonstrated absolutely no evidence of weakness in any muscle or her hands, she retains intact grip strength and coordination in her hands, she is neurologically intact in all extremities, she has not sought treatment for pain in 'all her joints' as she has alleged, and she continued to work full-time for about 2 ½ years after she [ ] alleged that she first became disabled . . . she has not reported any medication side-effects . . ..

(Tr. 19.) The ALJ therefore considered the medical findings, the type of treatment prescribed to treat Garza's pain, the effectiveness of the treatment, the lack of side-effects from her medication, and her daily activities.

In *Falco v. Shalala*, the Fifth Circuit Court of Appeals considered whether an ALJ had sufficiently articulated credibility findings regarding a claimant's subjective complaints of pain. 27 F.3d 160, 163 (5th Cir. 1994). In that case the ALJ stated in his decision that the claimant's subjective symptoms were only mild to moderate and tolerable for the type of work he determined that she could perform and that her subjective complaints were not fully

credible and somewhat exaggerated. *Id.* In the court's view, the ALJ was well-founded in his conclusions and identified evidence in the record that supported the ALJ's determination. *Id.* at 164. The court acknowledged that the law requires an ALJ to explain his reasons for rejecting a claimant's pain and found that the ALJ had done so. The court then explained that the fact that the ALJ "did not follow formalistic rules in his articulation compromises no aspect of fairness or accuracy that this process is designed to ensure." *Id.*; *see also Haywood*, 888 F.2d at 1470 n.9 (failure to explain reasons for not fully crediting claimant's allegations of pain does not rise to the level of reversible error).

In this case, the ALJ's explanation and reasoning for discrediting the claimant's complaints of pain is more detailed than that provided by the ALJ in *Falco* and therefore the court should find his credibility analysis sufficient. *Compare Falco*, 27 F.3d at 163. Further, the ALJ's conclusions are supported by substantial evidence. For example, physicians have used such adjectives as "mild," "minimal," and "minimum" to describe Garza's impairments (Tr. 194-94, 223, 225), and there is no evidence that her impairments were so limiting as to cause muscle atrophy or a marked decrease in strength (*see, e.g.,* Tr. 224). Garza has reported that over the counter medication relieves her pain to some extent and one of her primary physicians recommended a treatment plan that she "stay active" and continue Motrin. (Tr. 212.) Further, Garza indicated on application documents that she was capable of short walks, was not significantly limited in her ability to sit, and had no limitation in her ability to reach. (Tr. 86.) Finally, as the ALJ noted, Garza worked as a cook at Dairy Queen up to six hours per day during the period of time she claimed disability. (Tr. 19, 279-80.)

An ALJ's determination as to the non-disabling nature of a claimant's subjective complaints of pain is entitled to considerable judicial deference. *Falco*, 27 F.3d at 164. Even in a case in which the evidence indicates a mixed record concerning a claimant's health problems and limitations upon his ability to work, it is the ALJ's responsibility to weigh the evidence; the court is then charged with determining whether there is substantial evidence in the record as a whole to support the ALJ's determination. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001) (citation omitted).

## V. The ALJ's residual functional capacity finding

The ALJ determined that Garza was capable of performing light work activity that would allow her the opportunity to alternate between sitting and standing; that did not require climbing, kneeling, crawling, squatting, or working at heights; that did not require more than occasional stooping and crouching; and that could be performed by a person having less than a moderate concentration deficit secondary to pain. (Tr. 19, 21)

Garza contends that the ALJ failed to properly assess opinions provided by consultative examining physicians and failed to engage in a function-by-function assessment in making his determination. In connection with these arguments she contends that the ALJ ignored an opinion that she was limited in her ability to use her upper extremities and ignored the regulatory definition of light work which requires pushing and pulling of leg and arm controls. Finally, she contends that the ALJ failed to specifically assess the frequency of her need to alternate sitting and standing.

In regard to opinions offered by consulting physicians, Garza contends that the ALJ ignored an opinion rendered by consulting examiner Roger J. Wolcott, M.D., that a restriction to sedentary work was appropriate because of Garza's pain syndrome and that the prognosis for her returning to work was guarded "due to her length of time on [d]isability." (Tr. 193.)

The ALJ must consider and evaluate the opinions of consulting physicians. 20 C.F.R. § 404.1527(f)(2). However, some physician opinions, such as ones that a claimant is "disabled" or "unable to work" are not medical opinions; rather, they are legal conclusions reserved to the Commissioner and, therefore, are not entitled to special significance. *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). In this case, given Garza's age, Dr. Wolcott's opinion that sedentary work was appropriate for her because of her pain might compel a conclusion of disability. *See* 20 C.F.R. part 404 subpt. P., app. 2 § 201.10, 201.11. Further, the ALJ did not ignore Dr. Wolcott's opinion. Rather, he accommodated the opinion by restricting Garza's residual functional capacity to work that could be performed by a person with "less than a moderate concentration deficit secondary to pain." (Tr. 19, 21.)

Garza also contends that the ALJ did not discuss the opinion offered by Lakhu J. Rohra, M.D., that she was limited in her ability to push and pull with her upper extremities and that the ALJ's recitation of the definition of light work does not include the portion of the regulatory definition that light work requires pushing and pulling of arm or leg controls.

Garza is correct in contending that the ALJ failed to specifically address Dr. Rohra's opinion that her ability to push and pull with her upper extremities was limited and that he failed to recite the portion of the regulatory definition in regard to pushing and pulling of arm or leg controls. (*See* Tr. 17, 19.) However, reversible error is not established on these grounds.

In defining light work the Commissioner's regulations provide in part that a job is in the category of light work when it "requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b) (2005). Section 404.1567(b) states that a claimant is capable of light work when he or she is capable of performing "substantially all" of the activities listed in the regulatory definition. *See id.* Further, the portion of the regulation at issue here provides that light work may involve "pushing and pulling of arm *or* leg controls." *Id.*; *see Patton v. Schweiker*, 697 F.2d 590, 593 (5th Cir. 1983) (emphasis in the original). Thus, the regulatory definition is written in the disjunctive which means that light work requires an individual to be capable of either pushing and pulling arm or leg controls. *Id.* Although Dr. Rohra's opinion indicates that Garza is limited in her ability to push and pull with her upper extremities, nothing in Dr. Rohra's opinion or the medical record indicates that Garza suffers from impairments that would preclude her from pushing and pulling leg controls.

Citing Ruling 96-9p, Garza also contends the ALJ was required to consider the frequency with which she would need to alternate between sitting and standing in the

performance of her work duties but failed to do so. This is incorrect; the ALJ considered and addressed the issue in the hypothetical question he posed to the vocational expert. He specifically asked the vocational expert to identify jobs that an individual could perform while either sitting or standing at their option. (Tr. 286.) Therefore, the jobs identified by the vocational expert would provide Garza with the flexibility to alternate between sitting and standing at her option and therefore at the frequency she might choose.

## VI. <u>Conclusion</u>

In Social Security appeals, judicial review is limited to (1) whether the Commissioner's final decision is supported by substantial evidence, and (2) whether the Commissioner used the proper legal standards to evaluate the evidence. *Newton v. Apfel*, 209 F. 3d 448, 452 (5th Cir. 2000) (citations omitted). Under this standard, the court is not permitted to reweigh the evidence or substitute its own judgment for the Commissioner's. *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991). Rather, the court must scrutinize the entire administrative record to determine whether substantial evidence supports the Commissioner's decision. *Neal v. Bowen*, 829 F.2d 528 (5th Cir. 1987). As the discussion in this Report and Recommendation demonstrates, the Commissioner's determination that Garza is not disabled is supported by substantial evidence, and further, was reached through proper legal standards; thus, her decision is conclusive and must be affirmed. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (per curiam) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).

11

## VII. Recommendation

Based on the foregoing discussion of the issues, evidence and the law, this court recommends that the United States District Court affirm the Commissioner's decision and dismiss Garza's complaint with prejudice.

## VIII. Right to Object

Pursuant to 28 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within 10 days after being served with a copy of this document. The filing of objections is necessary to obtain de novo review by the United States District Court. A party's failure to file written objections within 10 days shall bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Dated: _December 23_, 2005.

NANCY M. KOENIG
United States Magistrate Judge